Matter of Abbygail G. (Christine Y.--Karen M.) (2019 NY Slip Op 08406)





Matter of Abbygail G. (Christine Y.--Karen M.)


2019 NY Slip Op 08406


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2018-15083 
2018-15084
 (Docket Nos. N-4549-18, N-5173-5183-18)

[*1]In the Matter of Abbygail G. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Christine Y. (Anonymous), appellant; Karen M., nonparty-respondent. (Proceeding No. 1.)
In the Matter of Abbygail G. (Anonymous). Orange County Department of Social Services, petitioner-respondent; Christine Y. (Anonymous), appellant, et al., respondents; Karen M., nonparty-respondent. (Proceeding No. 2.)


Kelli M. O'Brien, Goshen, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Linda P. DaSilva of counsel), for petitioner-respondent.
Christine F. Stage, Warwick, NY, for nonparty-respondent.
Mark Specthrie, Middletown, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Orange County (Lori Currier Woods, J.), dated November 2, 2018, and (2) an order of the same court dated December 20, 2018. The order dated November 2, 2018, temporarily removed the subject child from the mother's custody and placed the child in the temporary custody of the petitioner. The order dated December 20, 2018, insofar as appealed from, terminated the temporary custody of the subject child with the petitioner and placed the child in the temporary custody of nonparty Karen M. pursuant to Family Court Act § 1017.
ORDERED that the appeals are dismissed as academic, without costs or disbursements.
Christine Y. (hereinafter the mother) is the biological mother of the subject child. In October 2018, the petitioner, Orange County Department of Social Services (hereinafter DSS), effectuated an emergency removal of the child and commenced a neglect proceeding against the mother. Following the child's removal, the child was placed in the custody of DSS pending further proceedings. At a preliminary conference on October 25, 2018, the Family Court, inter alia, ordered [*2]an expedited investigation pursuant to the Interstate Compact for the Placement of Children (hereinafter ICPC) regarding nonparty Karen M., the child's former foster parent, who had adopted the child's older half-sibling, and who, at that time, resided in the State of Washington. At a subsequent hearing on November 2, 2018, the court, inter alia, again ordered an expedited ICPC investigation of Karen M. The court issued an order dated November 2, 2018, temporarily removing the child from the mother's custody and placing the child in the temporary custody of DSS. The court also issued an order permitting the child to travel to and visit in the home of Karen M. in Washington until December 6, 2018. While the child was present in Washington, DSS advised the court that Washington was unwilling to conduct an expedited ICPC investigation for a variety of procedural reasons. DSS recommended that the court direct the return of the child to New York, and asked the court to advance the matter to discuss whether a new ICPC application should be submitted. The court kept the previously scheduled date of December 6, 2018. On the same day, an appearance on a second petition, alleging neglect and abuse of a number of children by the mother and others, was scheduled. The mother did not appear in court that day. The court conducted an in camera interview with the child, who had returned to New York with Karen M. Following the in camera interview, the court terminated custody of the child with DSS and awarded Karen M. temporary custody pursuant to Family Court Act § 1017. The court allowed the child to return to Washington without complying with the procedures set forth in the ICPC, with the understanding that the out-of-state placement would be temporary because Karen M. was planning to relocate to New York in March 2019. In an order dated December 20, 2018, the court memorialized its oral decision and ordered, inter alia, that pending further proceedings, Karen M. submit to the court's jurisdiction, on consent, and that DSS maintain telephone contact with Karen M. for the purpose of obtaining updates on the child's well-being. These appeals by the mother ensued.
In an order of fact-finding and disposition entered September 12, 2019, the mother consented to a finding of neglect, thereby resolving both proceedings against her. The Family Court placed the child back in the custody of DSS after the child returned to New York in or about April 2019, which was memorialized in an order of fact-finding and disposition.
"It is a fundamental principle of [this Court's] jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Angel S. [Sadetiana J.], 173 AD3d 1188, 1189 [internal quotation marks omitted]). "This principle, which forbids courts to pass on academic, hypothetical, moot, or otherwise abstract questions, is founded both in constitutional separation-of-powers doctrine, and in methodological strictures which inhere in the decisional process of a common-law judiciary" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713-714). Thus, "[t]he mootness doctrine precludes courts from considering questions which, although once active, have become academic by the passage of time or by a change in circumstances" (Matter of Melinda D., 31 AD3d 24, 28; see Matter of Angel S. [Sadetiana J.], 173 AD3d at 1189).
"If academic, an appeal is not to be determined unless it falls within the exception to the doctrine that permits courts to preserve for review important and recurring issues which, by virtue of their relatively brief existence, would otherwise be nonreviewable" (Matter of Melinda D., 31 AD3d at 28). "The exception to the mootness doctrine requires the existence of three common factors: (1) a likelihood the issue will repeat, either between the same parties or among other members of the public, (2) an issue or phenomenon typically evading appellate review, and (3) a showing of significant or important questions not previously passed upon" (id.).
Here, the issue of whether the child's temporary out-of-state placement without compliance with the procedures set forth in the ICPC constituted a violation of the ICPC has been rendered academic by a change in circumstances (see Matter of Melinda D., 31 AD3d at 27-28). It is undisputed that the child has returned to New York and that DSS has regained custody of the child. Thus, the parties' rights would not "be directly affected by the determination of the appeal[s]" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714; see Matter of Angel S. [Sadetiana J.], 173 AD3d 1189). Contrary to the mother's contention, this case does not present an exception to the mootness doctrine (see Matter of Jamela B., 28 AD3d 478, 479; cf. Matter of Melinda D., 31 AD3d at 28).
Accordingly, we dismiss the appeals from the order dated November 2, 2018, and the order dated December 20, 2018, as academic.
DILLON, J.P., COHEN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court